# Williams et al., Appellants, *v.* Kaufmann & Baer Co.

*Practice, C. P.—New trial—Discretion of court—After-discovered evidence.*

In an accident case, where plaintiff fails to produce any evidence whatever as to the alleged occurrence which caused her injuries, and it appears that she had made no attempt to secure a witness of the occurrence, and a verdict is rendered against her, she cannot afterwards claim that the court abused its discretion in refusing a new trial, where it appears that, through an advertisement in a newspaper, she secured a witness of the occurrence, upon whose deposition, as after-discovered evidence, the motion for a new trial is based.

74 WILLIAMS, Appel., v. KAUFMANN & BAER CO.

Argued October 14, 1920.  Appeal, Nos. 133 and 134, Oct. T., 1920, by plaintiffs, from order of C. P. Allegheny Co., Oct. T., 1919, No. 1926, refusing new trial in case of C. L. Williams et ux. v. Kaufmann & Baer Co. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ.  Affirmed.

Trespass for personal injuries.  Before BROWN, J.
The opinion of the Supreme Court states the facts.
The court refused motions for new trial.  Plaintiff appealed.

*Error assigned,* among others, was order, quoting it.

*Harvey A. Miller,* of *Miller & Nesbitt,* for appellants.

*Charles F. Patterson,* for appellee.

PER CURIAM, December 31, 1920:
This action was brought for the recovery of damages for injuries sustained by a married woman in the store of the defendant.  The averment in the statement of claim upon which recovery is sought is that while she was in the store a large and heavy package fell from a conveyor above her, negligently operated by the defendant, and struck her on the head, severely injuring her. The plaintiffs failed to support their averment of negligence, and the first assignment of error is overruled on the following from the opinion of the court below denying their motion for a new trial: "At the trial a verdict for defendant was directed because plaintiffs—upon whom the burden of proof rested—presented not a syllable of testimony that a conveyor loaded with packages was being transported by defendant—not a syllable of testimony that a package fell therefrom and struck Mrs. Williams—not a syllable of testimony to support the negligence charged."

The verdict was returned May 26, 1920. On the next day the plaintiff husband inserted the following advertisement in a Pittsburgh evening paper: "Did you see this accident? In downtown department store, June 28th, 1919, a package from an overhead conveyor struck a lady on the head, inflicting serious injury. If so, please communicate at once with C. L. Williams, Court 4639." On the following day a Mrs. White appeared at the office of plaintiffs' attorney, and later her deposition was taken, upon which, as after-discovered material evidence, the motion for a new trial was based. C. L. Williams, who had inserted the advertisement, admitted in his deposition that before its insertion he had never tried to obtain an eye-witness to the falling of the package, and hence there was no abuse of discretion by the court below in holding that the result of his belated effort to do so did not call for a new trial.

Judgment affirmed.